Christopher Sovak (CS3164)
csovak@bushellsovak.com
BUSHELL, SOVAK, KANE & SASH LLP
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone:     (212) 949-4700

Perry Saidman *(pro hac vice* application pending*)*
perry.saidman@designlawgroup.com
SAIDMAN DESIGNLAW GROUP, LLC
6116 Executive Blvd., Suite 350
North Bethesda, MD 20852
Telephone:     (202) 236-0753

*Attorneys for Plaintiff RBW Studio, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X
RBW STUDIO, LLC,                                                   :    Case No. 1:24-cv-03188
                                                                   :
                             Plaintiff,                            :    **COMPLAINT FOR PATENT**
                                                                   :    **INFRINGEMENT AND**
     vs.                                                           :    **UNFAIR COMPETITION**
                                                                   :
STONEHILL & TAYLOR ARCHITECTS, P.C.,                               :    **JURY TRIAL DEMAND**
MICHAELIS BOYD, INC., THE LIGHTSTONE                               :
GROUP, LLC and BOWERY STREET                                       :
ASSOCIATES, LLC,                                                   :
                                                                   :
                             Defendants.                           :
                                                                   :
------------------------------------------------------------------ X

## I.

### NATURE OF THE ACTION

1.    This case involves the practice of deliberately copying, misappropriating and/or "knocking off" high-quality, design-level lighting products protected by United States patents to maximize profits for companies engaged in the construction of luxury hotels.

2.    The Complaint arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 et seq., 28 U.S.C. §§ 1331 and 1338(a).

3. The Plaintiff's patent claims arise out of Defendants' importing, making, using, offering for sale, and/or selling light fixtures ("Accused Light Fixtures") that infringe a patented "sconce" light fixture created by Plaintiff RBW Studio, LLC ("RBW"), an award-winning lighting design and manufacturing company based in Kingston, New York.

4. In addition to the above, before the patent for the light fixture at issue was granted, the Defendants engaged in unfair competition under New York State law through the bad faith misappropriation of the proprietary design of the light fixture at issue, as well as the misappropriation of the Plaintiffs' skill, experience, labor and financial resources invested in the design and development of the same.

## II.

## THE PARTIES

5. RBW is a Delaware and New York limited liability corporation with a principal place of business at 575 Boices Ln, Kingston, New York 12401. RBW creates, manufactures, markets and sells a range of unique light fixtures incorporating novel designs that are protected by United States patents. RBW previously did business under the name of Rich Brilliant Willing, LLC.

6. Defendant Stonehill & Taylor Architects, PC ("Stonehill") is an architecture firm with a principal place of business at 31 W. 27th St., New York, NY 10001.

7. On information and belief, Stonehill designed and specified the Accused Light Fixtures that infringe RBW's patented design and that were installed in at least one location, at The Moxy Bowery, now known as the Moxy NYC Lower East Side ("Moxy Hotel"), a luxury hotel at 145 Bowery, New York, NY 10002.

8. On information and belief, this included designing and specifying light fixtures that Defendant Stonehill knew were knockoff imitations of RBW's proprietary design so that Defendant Stonehill could decrease costs to itself and Defendants The Lightstone Group, LLC and/or Bowery Street Associates, LLC.

9. Defendant Michaelis Boyd, Inc. ("Boyd") is a New York corporation with a principal place of business at 150 W. 25th St., New York, NY 10001.

10. On information and belief, Boyd is an architect and interior design firm that designed the interiors of the Moxy Hotel, including the guestrooms, in collaboration with Defendants Stonehill, Bowery Street Associates, LLC and The Lightstone Group, LLC, as well as non-party HPG International, Inc. https://www.michaelisboyd.com/project/moxy-lower-east-side.

11. Defendant The Lightstone Group, LLC ("Lightstone") is a New York limited liability corporation with a principal place of business at 299 Park Ave, New York, NY 10171.

12. On information and belief, Lightstone owns and operates the Moxy Hotel and continues to use the Accused Light Fixtures designed, sourced and installed by Defendant Stonehill, as well as PTY Lighting, Inc. and HPG. The Moxy Hotel is advertised as a Marriott Bonvoy brand hotel on the Marriott website https://www.marriott.com/en-us/hotels/nycom-moxy-nyc-lower-east-side/overview/?scid=f2ae0541-1279-4f24-b197-a979c79310b0.

13. Defendant Bowery Street Associates, LLC ("Bowery Street") is a Delaware Limited Liability Company with a principal place of business in Manhattan, New York.

14. Bowery Street was involved in the purchase of samples and fixtures from Plaintiff which were then used by the Defendants to fashion their own knockoffs of the same for use in the Moxy Hotel.

15. Upon information and belief Bowery Street is a part owner and/or operator of the Moxy Lower Eastside Hotel and continues to use the Accused Light Fixtures in the Moxy Hotel.

16. Non-party PTY Lighting, Inc. ("PTY") is a lighting manufacturing firm with a principal place of business at 100 Hoffman Lane, Hillsdale, NJ 07205.

17. On information and belief, at the Defendants' direction, PTY designed, manufactured and sold the Accused Light Fixtures that infringe RBW's patented design and that were installed in at least one location, at the Moxy Hotel.

3

18. On information and belief, non-party HPG International, Inc. ("HPG") is a California corporation with a principal place of business at 350 N. Widget Lane, Walnut Creek CA 94598.

19. HPG was the purchasing agent for the guest rooms at the Moxy Hotel and at all relevant times was acting as an agent for the Defendants.

20. On information and belief, HPG specified and purchased lights that HPG and the Defendants knew were knockoff imitations of RBW's proprietary design so that Defendants Stonehill, Boyd, Lightstone and Bowery Street could decrease the costs to themselves, or in the case of Stonehill and Boyd, their clients.

## III.

### JURISDICTION AND VENUE

21. The Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with New York and/or are incorporated in New York and/or have their principal paces of business in New York, and do business in this District.

22. Each of the Defendants has a regular and established place of business in this District where they have imported, made, used, sold, and/or offered for sale the Accused Light Fixtures.

23. The Court has subject matter jurisdiction over this matter pursuant 28 U.S. Code § 1338(a) and (b), as well as 28 U.S. Code § 1367(a).

## IV.

### BACKGROUND FACTS

24. RBW is an award-winning, independent design and manufacturing company headquartered in Kingston, New York. RBW is a brand for architects and designers looking for high quality light fixtures. The history and philosophy of RBW is available on the web at the URL https://rbw.com/about-us.

25.     Among RBW's innovations is the Pastille™ sconce, a light fixture one model of which has a distinctive 3-bulb configuration on an oval backplate that echoes the Art Deco sensibilities of Old Hollywood, as shown in the images below from RBW's website.[a]



26.     RBW, at the time doing business as Rich, Brilliant, Willing, LLC first began development on the design of the subject Pastille™ sconce in 2018.

27.     RBW protects its innovations with U.S. design patents.

28.     On November 13, 2018, RBW filed an application for a patent applicable to the design of the Pastille™ light fixture at issue. (November 2018 Patent Application attached hereto as Ex. "A".)

29.     Prior to applying for the Patent for the Pastille™ sconce, RBW invested substantial financial resources, time, skill, labor and expertise into the research and development of the design and the production Pastille™ sconce.

---

[a] Downloaded from https://rbw.com/products/pastille-3-vanity/ddd-pf13-27-10_triac_120v-ip20

30. The Pastille™ sconce is protected by RBW's U.S. Patent No. D1,020,048 ("the '048 Patent"). The '048 Patent was duly issued by the United States Patent and Trademark Office on March 26, 2024 and is assigned to RBW. A copy of the '048 Patent is attached as Exhibit "B".

31. During October 2019, after the design patent application had been filed for the Pastille™ sconce, but before the patent had been issued, RBW, under its predecessor trade name Rich Brilliant Willing ("Willing"), sold samples of the Pastille™ sconce to Defendant Bowery Street Associates, LLC for the Defendants consideration for use in the Moxy Hotel. *See* Exhibit "C". As per the November 2019 invoice the sconce sample was billed to "Bowery Street Associates, LLC C/O HPG".

32. On information and belief, Boyd, Stonehill, Lightstone and Bowery Street were considering RBW's Pastille™ sconce for use in the interior design of the Moxy Hotel.

33. In fact, the Pastille™ sconce was specifically referenced in a specification for the Moxy Hotel construction. Exhibit "D" is a true and correct copy of a page from a Stonehill design specification (Drawing ID-B703) for the Moxy Hotel listing Item SW.14 as a "Decorative three bulb Wall Sconce." With respect to Item SW.14, the Stonehill design specification stated:

> "Original Light Fitting used for design influence – RICH BRILLIANT WILLING PASTILLE VANITY"

This was followed by an internet link to Willing's old website showing the Pastille™ sconce.

34. On October 12, 2020, non-party Luparello & Sons, LLC ("Luparello"), a New York electrical contractor, who upon information and belief, was acting as an agent for and at the direction of HPG, Boyd, Stonehill, Lightstone and/or Bowery Street, obtained a quote to Defendants in the amount of $434,784.00 for 647 Pastille™ sconces to be used in the Moxy Hotel. A true and correct copy of the quote is attached as Exhibit "E".

6

35. On information and belief, after Defendants obtained samples of RBW's Pastille™ sconces and after they reviewed the price of installing the same reflected in the October 12, 2020 quote, rather than obtain the subject proprietary sconces from the Plaintiff, Defendants Boyd, Stonehill, Lightstone and Bowery Street, directly and/or through their agent HPG, knowingly, intentionally and in bad faith engaged PTY and/or other contractors to create the Accused Light Fixtures based on the design of the samples they obtained from RBW and offered them for sale and/or sold them to Defendants Lightstone and/or Bowery Street as cheaper substitutes to the authentic RBW Pastille™ sconces that had initially been presented to the Defendants.

36. On information and belief, the Accused Light Fixtures were installed and used at the direction of Boyd, Stonehill, Lightstone and/or Bowery Street, and now continue to be used in the Moxy Hotel's guest rooms, under the direction of Defendants Lightstone and/or Bowery Street.

37. Hospitality Design Magazine in its November 2, 2022 issue featured the Moxy Hotel https://hospitalitydesign.com/news/hotels-resorts/moxy-lower-east-side/. The president of Lightstone was quoted in the article: "The Lower East Side has always been iconically cool. We saw it as the next logical frontier for Moxy," says Lightstone president Mitchell Hochberg. "By providing a stunning variety of venues and concepts under a single roof, the hotel really embodies the diversity of the Lower East Side. People come to the neighborhood to indulge their thirst for discovery, and they'll get that at the Moxy, too—and we've made it accessible rather than exclusive."

38. Hospitality Design Magazine named Moxy as the winner of the 43rd Annual Gold Key Award for midscale hotels, naming Defendants Boyd, Stonehill, Lightstone as well as HPG https://hospitalitydesign.com/news/boutique-lifestyle/boutique-design-gold-key-awards-2023/ .

39. Similarly, PTY has posted on LinkedIn three videos (Parts 1, 2 & 3) highlighting their participation in providing the Accused Light Fixtures to the Moxy Hotel.

Part 1 is captioned: "Starting off the new year with a sneak peek at the newly built Moxy Bowery in East Village, NY. It was an honor to work with Michael Boyd

7

THE LIGHTSTONE GROUP, and HPG International to craft the stunning entryway and connected bar." https://www.linkedin.com/posts/joe-saucy-espinosa_moxy-part-1-starting-off-the-new-year-with-activity-7018274403910078464-z43I/

Part 2 is captioned: "Continuing our journey through the Moxy Bowery, we wanted to show off the stylish combination room sign/wall sconces that line the hallways. Another fantastic concept from Michaelis Boyd HPG International and THE LIGHTSTONE GROUP."

https://www.linkedin.com/posts/joe-saucy-espinosa_moxy-part-2-continuing-our-journey-through-activity-7019739983158616065-OiJa/?originalSubdomain=ae

Part 3 is captioned "The next step in our journey through the gorgeous Moxy Bowery takes us into the guestrooms where you can see the modern, eclectic designs provided by Michaelis Boyd on full display. From the vanity lights to the bedside sconces, there is no shortage of personality to this hotel! Thank you again to THE LIGHTSTONE GROUP and HPG International for letting us collaborate with you on this!"

https://www.linkedin.com/posts/joe-saucy-espinosa_moxy-part-3-the-next-step-in-our-journey-activity-7020822525227991040-cwL0/?originalSubdomain=az

The "vanity lights" mentioned in the caption of Part 3 are the Accused Light Fixtures.

## V.

## CLAIM FOR DIRECT PATENT INFRINGEMENT BY ALL DEFENDANTS

40. Paragraphs 1-39 are incorporated by reference as though alleged herein.

41. The Defendants infringe the '048 Patent because the Accused Light Fixtures are substantially the same in overall appearance as the design claimed and shown in the drawings of

the '048 Patent. Representative drawings from the '048 Patent are compared below to similar views of the Accused Light Fixtures:



**BW's '048 Patent**



**Accused Light Fixtures**



**Accused Light Fixtures**

42. On information and belief, instead of utilizing RBW's Pastille™ sconce, Defendants, Stonehill, Boyd, Lightstone and/or Bowery Street designed, specified, sourced and directed the manufacture of unauthorized knock-off copies of RBW's Pastille™ sconce (the Accused Light Fixtures) for use in the Moxy Hotel.

43. On information and belief, HPG, Boyd and/or Stonehill quoted Lightstone and/or Bowery Street a substantially reduced price for the Accused Light Fixtures manufactured and supplied by PTY compared to the price quoted to by RBW for the Pastille™ sconce.

44. On information and belief, HPG and PTY, acting as Defendants' agents and at Defendants' direction, manufactured, caused to be manufactured and/or imported the Accused Light Fixtures after they had been designed by Stonehill, Boyd and PTY.

45. On information and belief, Defendant Lightstone and/or Bowery Street purchased and installed the Accused Light Fixtures in the Moxy Hotel's guest rooms where it is still using them.

46. The Defendants Stonehill and Boyd infringed RBW's '048 Patent by directing PTY and/or HPG to copy, manufacture, import, offer to sell, and sell Accused Light Fixtures that are

substantially the same in appearance as the design claimed in the '048 Patent, such that an ordinary observer, giving such attention as a purchaser usually gives, would be induced to purchase one supposing it to be the other.

47. Defendants Lightstone and Bowery Street infringed, and continue to infringe, RBW's '048 Patent by using in the guest rooms of the Moxy Hotel the Accused Light Fixtures that are a colorable imitation of the design claimed in the '048 Patent. Defendants Lightstone and/or Bowery Street advertise its continuing use of the Accused Light Fixtures on its Moxy Hotel website and on numerous third-party websites promoting the look of its guest rooms using the knockoff lights supplied to it by HPG and PTY:

https://www.marriott.com/en-us/hotels/nycom-moxy-nyc-lower-east-side/overview/?scid=f2ae0541-1279-4f24-b197-a979c79310b0

48. On January 17, 2024, in an effort to avoid litigation, RBW sent HPG and PTY, as well as to Marriott International, cease and desist letters identifying the infringement it was aware of (at the Moxy Hotel) and demanding information regarding the manufacturer and other companies involved in the infringing conduct. The January 17, 2024 letter contained drawings from RBW's patent application relating to the Pastille™ sconces, demonstrating the validity of Plaintiff's claims.

49. Notwithstanding the January 17, 2024 letter and enclosed drawings, PTY and Lightstone (on behalf of Marriott), though their counsel, rejected any merit in RBW's claim and declined to provide the information requested by RBW regarding the parties involved in the infringing installations.

50. Despite the January 24, 2024 letter, the Defendants Lightstone and/or Bowery Street continue to use the Accused Light Fixtures at the Moxy Hotel demonstrating the continuing and willful nature of their infringement.

51. On information and belief, despite RBW's cease and desist letters, Defendants Lightstone and/or Bowery Street and non-party PTY have continued to promote their work using

11

the Moxy Hotel guest room images displaying the Accused Light Fixtures. Below is a true and correct excerpt of the Moxy Hotel's website:



https://www.marriott.com/en-us/hotels/nycom-moxy-nyc-lower-east-side/rooms/#roomPoolCode=cycl

52. RBW has been damaged by Defendants' infringement and is entitled to at least the statutory remedy of an accounting and disgorgement of the Defendants' profits based on sales of the Accused Light Fixtures, as well as RBW's lost profits.

53. The damage to RBW is ongoing and irreparable, and RBW is entitled to injunctive relief to end Defendants' infringement. Despite RBW's letter to Defendants identifying a known infringing installation, Defendants have failed to remove the Accused Light Fixtures at the Moxy Hotel, provide an accounting of their sales, information about manufacturers involved in the sales, or other information as to whether additional installations of Accused Light Fixtures have taken place at other of its projects.

**CLAIM FOR UNFAIR COMPETITION UNDER NEW YORK STATE LAW**

54. Paragraphs 1-53 are incorporated by reference as though alleged herein.

55. In addition to, and separate from, the above-described Patent Infringement claim, the Defendants engaged in unfair competition under New York State Law through the misappropriation of RBW's information, research, time, skill, labor, expertise, experience and monetary investment expended in the design and development of the Pastille™ sconces prior to the time the patent was issued.

56. The principals and employees of RBW began research into and work on the design of the Pastille™ sconce at issue in 2018. The principals and employees of RBW who developed the Pastille™ sconce are all experienced designers with at least four (4) year design and/or mechanical engineering degrees, and often with extensive experience in lighting design.

57. The principals and employees of RBW applied their education, years of skill, knowledge and expertise of lighting design and the lighting industry in developing and finalizing the design of the Pastille™ collection, including the subject Pastille™ sconces.

58. RBW invested substantial time and labor in the design of the Pastille™ sconces. RBW paid these professionals wages for their work in the design and development of the Pastille™ sconce.

59. In addition to the time, skill, expertise and labor RBW invested in the design of the subject light fixtures, RBW invested financial resources in the development of the design, including payment for research related to the development of the sconces and payment for 3D prints and laser scanning used in the development of the product. RBW invested further resources in identifying and compensating the vendors involved in the creation of the product, as well as the creation of tooling and/or parts used in the manufacture of the subject fixtures.

60. RBW's investment of time, labor, skills, expertise and financial resources in the research and development of the Pastille™ sconces were time, labor, expertise and resources that could not be invested in the development of other products during that same period of time

resulting in an opportunity cost to RBW that can only be recovered through the successful sale and marketing of the Pastille™ fixtures.

61.     In order to protect its above-described investments into the design and development of the Pastille™ sconce, RBW applied for a design patent on November 13, 2018 (Ex. A).

62.     As reflected in Figures A-85 – A96 of Ex. A, part of the collection of light fixtures which were the subject of the design patent application was a vertical three light fixture on an oval backplate which is the design of the Pastille™ sconce at issue in this litigation.

63.     In October of 2020, almost two (2) years after RBW applied for the patent but before it was issued, HPG and/or Luparello, who upon information and belief, were acting as agents on behalf of Stonehill, Boyd, Lighthouse and/or Bowery Street, approached RBW with regard to using the Pastille™ sconce in the Moxy Hotel.

64.     At all times relevant hereto, HPG, acting in its capacity as an agent of the Defendants, knew the Pastille™ sconce had been designed by RBW, that RBW had expended information, time, labor, skills and other resources in the research, development and manufacture of the Pastille™ sconce, and that the design was proprietary to RBW.

65.     After HPG first obtained samples of the Pastille™ sconce from RBW on behalf of its principals, Defendants Boyd, Stonehill, Lighthouse and/or Bowery Street, the Defendants included specific reference to RBW's Pastille™ sconce in the specifications for the Moxy, demonstrating they also were aware that the design of the Pastille™ sconce was a proprietary RBW design and that RBW had invested time, skills, labor and financial resources in its development.

66.      Further demonstrating the Defendants' awareness that the subject light fixture was the proprietary design of RBW into which RBW had invested time, skills labor and other resources, was the decision by Boyd, Lighthouse, Bowery Street and Stonehill, and HPG acting on their behalf, to seek a quote specifically from RBW (as opposed to some other source) for Pastille™ sconces for use in the Moxy Hotel.

67. Upon information and belief, in an effort to save money on the quote for the Pastille™ sconces provided by RBW, the defendants, Boyd, Stonehill, Lighthouse, Bowery Street and non-parties HPG and PTY misappropriated the information, time, skill, experience and financial resources invested by RBW in the research, design and development of the Pastille™ sconces, by copying the proprietary design of the same and having it manufactured by PTY for use in the Moxy Hotel, instead of purchasing the sconces pursuant to the quote they received from RBW.

68. The above-described efforts were undertaken by these Defendants in bad faith with the full knowledge that RBW was the owner and developer of the design at issue and with the specific intention of misappropriating the information, time, expertise, skill, labor and financial resources invested by RBW in the research and development of this propriety design for the Defendants' own use and without the permission of, or compensation to, RBW.

69. Defendants' intentional and bad faith misappropriation of RBW's information, skills, experience, time, labor, resources and monetary investment that went into the research, design, development and manufacture of the subject light fixture occurred prior to the issuance of the Plaintiff's design patent on March 26, 2024.

70. As a result of the above, RBW seeks damages against the Defendants in the amount of the lost profits on the quote submitted to the Defendants, as well as damages in compensation for the Defendants' misappropriation of the information, time, skills, labor and money invested by RBW in developing the design and final product in an amount to be proven at trial.

## VII.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

1. A judgment that the Defendants have infringed the '048 Patent;

2. Damages adequate to compensate for Defendants' infringement of the '048 Patent, including the disgorgement of its total profits under 35 U.S.C. §289;

3. Judgment awarding Plaintiff all damages, including lost profits, costs, and interest, and further including treble damages based on any infringement found to be willful, under 35 U.S.C. § 284, with prejudgment interest;

4. An accounting of the Defendants' profits;

5. An order and judgment permanently enjoining the Defendants and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '048 Patent;

6. An order requiring Defendant Lightstone and/or Bowery Street to remove the Accused Light Fixtures from the Moxy Hotel;

7. A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285;

8. A judgment for damages for unfair competition and misappropriation to compensate Plaintiff for Defendants' misappropriation of its investment of time, money, labor, skills and other resources expended in the design and development of the light fixture at issue before the issuance of the '048 Patent in an amount to be proven at trial; and

9. Awarding Plaintiff such other and further relief as this Court deems just and proper.

16

Dated: April 26, 2024

By: /s/ *Christopher J. Sovak*
Christopher Sovak, Esq. (CS3164)
BUSHELL, SOVAK, KANE & SASH LLP
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone: (212) 949-4700
csovak@bushellsovak.com

Perry Saidman, Esq. *(pro hac vice* application pending*)*
SAIDMAN DESIGNLAW GROUP, LLC
8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Telephone:    (202) 236-0753
perry.saidman@designlawgroup.com

## **JURY TRIAL DEMAND**

RBW requests a jury trial on all issues triable to a jury.

Dated: April 26, 2024

By: /s/ *Christopher J. Sovak*
Christopher Sovak, Esq. (CS3164)
BUSHELL, SOVAK, KANE & SASH LLP
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone: (212) 949-4700
csovak@bushellsovak.com

Perry Saidman, Esq. *(pro hac vice* application pending*)*
SAIDMAN DESIGNLAW GROUP, LLC
8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Telephone:     (202) 236-0753
perry.saidman@designlawgroup.com