UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RBW STUDIO, LLC,

                                    Plaintiff,

     -against-

STONEHILL & TAYLOR ARCHITECTS, P.C.,
MICHAELIS BOYD, INC., THE LIGHTSTONE
GROUP, LLC, BOWERY STREET ASSOCIATES,
LLC, PTY LIGHTING, INC., and HPG
INTERNATIONAL, INC.,

                                    Defendants.
------------------------------------------------------------------x

Case No.:
1:24-cv-03188

**ANSWER TO AMENDED COMPLAINT**

       Defendants, Michaelis Boyd, Inc. ("MBI"), by their attorneys L'Abbate, Balkan, Colavita & Contini, L.L.P., as and for their answer to the complaint, allege, upon information and belief, as follows:

## Nature of Action

       1.     Denies each and every allegation contained in paragraphs "1", "2", "3" and "4" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

## The Parties

       2.     Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "5" and "6" of the Amended Complaint and respectfully refers all questions of law to the Court for ultimate determination.

3. Denies each and every allegation contained in paragraphs "7" and "8" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

4. Denies each and every allegation contained in paragraph "9" of the Amended Complaint except admits that it is a New York business corporation with an office located at 150 West 25th Street, New York, NY 10001.

5. Denies each and every allegation contained in paragraph "10" of the Amended Complaint except admits that MBI was retained to perform various interior design services by Bowery Street Associates, LLC pursuant to a written contract and respectfully refers the Court to that contract for its full, true and complete terms.  MBI acted appropriately and in accordance with that contract in performing its work for this project and respectfully refers all questions of law to the Court for ultimate determination.

6. Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "11", "12" and "13" of the Amended Complaint and respectfully refers all questions of law to the Court for ultimate determination.

7. Denies each and every allegation contained in paragraphs "14", "15", "16" and "17" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

8. Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "18" and "19" of the Amended Complaint and respectfully refers all questions of law to the Court for ultimate determination.

9. Denies each and every allegation contained in paragraphs "20", "21" and "22" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

## Jurisdiction and Venue

10. Denies each and every allegation contained in paragraphs "23" and "24" of the Amended Complaint to the extent same pertain to defendant MBI except admits that MBI was retained to perform various interior design services by Bowery Street Associates, LLC pursuant to a written contract and respectfully refers the Court to that contract for its full, true and complete terms. MBI acted appropriately and in accordance with that contract in performing its work for this project. This answering defendant denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

11. Denies each and every allegation contained in paragraphs "25" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained

therein and respectfully refers all questions of law to the Court for ultimate determination.

## Background Facts

12.     Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "26", "27", "28", "29", "30", "31 and "32" of the Amended Complaint and respectfully refers all questions of law to the Court for ultimate determination.

13.     Denies each and every allegation contained in paragraphs "33" and "34" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

14.     Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of the Amended Complaint and respectfully refers all questions of law to the Court for ultimate determination.

15.     Denies each and every allegation contained in paragraphs "36", "37" and "38" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

16. Denies having knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraphs "39", "40" and "41" of the Amended Complaint, respectfully refers the Court postings referenced therein for their full, true and complete meaning and respectfully refers all questions of law to the Court for ultimate determination.

### Claim for Direct Patent Infringement by Defendants Lightstone and Bowery

17. In response to paragraph "42" of the Amended Complaint, this defendant repeats and realleges each and every response applicable to the allegations in paragraph "1" through "41" of the Amended Complaint as if fully set forth at length herein.

18. Denies each and every allegation contained in paragraphs "43", "44", "45", "46", "47", "48", "49", "50", "51", "52", "53" and "54" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge sufficient to form a belief as to the truth of all remaining allegations contained therein, respectfully refers the Court to the patent and project information referred to therein for their full, true and complete meaning and respectfully refers all questions of law to the Court for ultimate determination.

### Claim for Unfair Competition Under New York State Law

19. In response to paragraph "55" of the Amended Complaint, this defendant repeats and realleges each and every response applicable to the allegations in paragraph "1" through "54" of the Amended Complaint as if fully set forth at length herein.

20. Denies each and every allegation contained in paragraphs "56", "57", "58", "59", "60" and "61" of the Amended Complaint to the extent same pertain to defendant MBI,

denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

21. Denies each and every allegation contained in paragraph "62" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained therein, respectfully refers to the Court to the patent referred to therein for its full, true and complete meaning and respectfully refers all questions of law to the Court for ultimate determination.

22. Denies each and every allegation contained in paragraphs "63", "64", "65", "66" and "67" of the Amended Complaint to the extent same pertain to defendant MBI, except admits that MBI specified the RBW Pastille sconce, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

23. Denies each and every allegation contained in paragraphs "68", "69", "70", "71", "72" and "73" of the Amended Complaint to the extent same pertain to defendant MBI, denies having knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained therein and respectfully refers all questions of law to the Court for ultimate determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

24. The verified complaint fails to state a cause of action against this answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

25. The plaintiff is barred from seeking all or part of the damages sought in this lawsuit as a result of the plaintiff's failure to mitigate the damages allegedly sustained.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

26. The injuries and damages allegedly sustained by the plaintiff were caused in whole or in part by the negligence, carelessness and/or culpable conduct of the plaintiff, its servants, agents or employees and others for whom the plaintiff was legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

27. The injuries and damages allegedly sustained by the plaintiff were not caused by any negligence, intentional conduct, carelessness, culpable conduct or breach of duty on the part of defendant MBI, its servants, agents or employees, but were caused by reason of the carelessness, intentional conduct, negligence, culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom the defendant MBI had no control and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to the third parties bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. Plaintiff's damages, if any, were sustained as a result of intervening causes

which were out of the control of MBI and not the result of the conduct, acts or omissions of MBI. By virtue of said intervening causes, the plaintiff's damages were not proximately caused by MBI and, therefore, the claims against MBI should be dismissed.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

29. The claims against MBI should be dismissed due to lack of subject matter jurisdiction.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

30. The damages allegedly sustained by Plaintiff were caused in whole or in part by the negligence, intentional conduct, carelessness, and/or culpable conduct of the co-defendants, their servants, agents or employees and others for whom the co-defendants were legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, intentional conduct, carelessness and/or culpable conduct attributable to the co-defendants bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FIRST CROSS CLAIM AGAINST DEFENDANTS STONEHILL & TAYLOR ARCHITECTS, P.C., THE LIGHTSTONE GROUP, LLC, BOWERY STREET ASSOCIATES, LLC, PTY LIGHTING, INC., and HPG INTERNATIONAL, INC.

31. That the defendants contributed in whole or in part to this occurrence, and if any recovery is had by any party against this answering defendant, this defendant demands contribution in whole or in part from the aforesaid parties as a result of their wrongful conduct.

## AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS STONEHILL & TAYLOR ARCHITECTS, P.C., THE LIGHTSTONE GROUP, LLC, BOWERY STREET ASSOCIATES, LLC, PTY LIGHTING, INC., and HPG INTERNATIONAL, INC

32. That if any party sustained injuries and damages in the manner and at the time and place alleged in the plaintiffs' complaint, and if it is found that this answering defendant is liable to any such party herein, all of which is specifically denied, then this defendant is entitled to indemnification from and judgment over against all other defendants herein, for all or part of any verdict or judgment that may be recovered.

WHEREFORE, defendants, MBI, demand judgment dismissing the Complaint, awarding them the costs and disbursements of this action, including attorneys' fees, together with such other and further relief that this Court may deem just and proper.

Dated: Melville, New York
July 15, 2024

    Respectfully submitted,

    L'ABBATE, BALKAN, COLAVITA
    & CONTINI, L.L.P.

By: _____
    Douglas R. Halstrom
    Attorneys for Defendant
    MICHAELIS BOYD, INC.
    3 Huntington Quadrangle, Suite 102S
    (516) 294-8844

To: Christopher Sovak, Esq. (CS3164)
BUSHELL, SOVAK, KANE & SASH LLP
Attorneys for Plaintiff
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone: (212) 949-4700
csovak@bushellsovak.com

Perry Saidman, Esq. *(pro hac vice* application pending*)*
SAIDMAN DESIGNLAW GROUP, LLC

8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Telephone: (202) 236-0753
perry.saidman@designlawgroup.com

Orville Ricardo Cockings
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
Attorney for Defendant
PTY LIGHTING, INC.
20 Commerce Drive
Cranford, NJ 07016
908-654-5000
ocockings@ldlkm.com

Solomon N. Klein
The Law Office of Solomon N. Klein
Attorney for Defendant
BOWERY STREET ASSOCIATES, LLC and
THE LIGHTSTONE GROUP, LLC
99 Wall Street
Suite 1915
New York, NY 10005
212-575-0202
347-467-2798 (fax)
sklein@solomonklein.com


David Constantine Radulescu &
Etai Yaacov Lahav
Attorney for Defendants
STONEHILL & TAYLOR ARCHITECTS, P.C.
Radulescu LLP
5 Penn Plaza, 19th Floor
New York, NY 10001
646-502-5951
Email: david@radip.com & etai@radip.com

HPG INTERNATIONAL, INC.
755 Oakhill Rd,
Crestwood Industrial Park,
Mountaintop, PA, 18707