Christopher Sovak (CS3164)
csovak@bushellsovak.com
BUSHELL, SOVAK, KANE & SASH LLP
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone:     (212) 949-4700

Perry Saidman *(pro hac vice)*
perry.saidman@designlawgroup.com
SAIDMAN DESIGNLAW GROUP, LLC
6116 Executive Blvd., Suite 350
North Bethesda, MD 20852
Telephone:     (202) 236-0753

*Attorneys for Plaintiff RBW Studio, LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- X

| | |
|---|---|
| RBW STUDIO, LLC, | Case No. 1:24-cv-03188 |
| Plaintiff, | **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION** |
| vs. | |
| STONEHILL & TAYLOR ARCHITECTS, P.C., MICHAELIS BOYD, INC., THE LIGHTSTONE GROUP, LLC, BOWERY STREET ASSOCIATES, LLC, PTY LIGHTING, INC., and HPG INTERNATIONAL, INC., | **JURY TRIAL DEMAND** |
| Defendants. | |

----------------------------------------------------------------- X

## NATURE OF THE ACTION

1.      This case involves the practice by certain Defendants of deliberately misappropriating proprietary pricing and design information belonging to the Plaintiff in order to divert a business opportunity away from it for the benefit of the Defendants and the eventual use of that same information by certain of the Defendants to create knock offs of the Plaintiff's products which remain in use despite demands by the Plaintiff addressing the same.

2.     The Complaint, in part, arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction over this action under 35 U.S.C. § 271 et seq., 28 U.S.C. §§ 1331, 1338(a) and 28 USC § 1367(a).

3.     The Plaintiff's patent claims arise out of Defendants Lightstone Group, LLC and Bowery Street Associates, LLC using light fixtures ("Accused Light Fixtures") that infringe a patented "sconce" light fixture created by Plaintiff RBW Studio, LLC ("RBW"), an award-winning lighting design and manufacturing company based in Kingston, New York.

4.     In addition to the above, before the patent for the light fixture at issue was granted, the Defendants, working in concert and with a common goal, engaged in unfair competition under New York State law through the bad faith misappropriation of the proprietary design and pricing information relating to the light fixture at issue, as well as the misappropriation of the Plaintiff's skill, experience, labor and financial resources invested in the design and development of the same.

## THE PARTIES

5.     RBW is a Delaware and New York limited liability corporation with a principal place of business at 575 Boices Lane, Kingston, New York 12401. RBW creates, manufactures, markets and sells a range of unique light fixtures incorporating novel designs that are protected by United States patents. RBW previously did business under the name of Rich Brilliant Willing, LLC.

6.     Defendant Stonehill & Taylor Architects, PC ("Stonehill") is an architecture firm with a principal place of business at 31 W. 27th St., New York, NY 10001.

7.     Upon information and belief, Stonehill designed and specified the Accused Light Fixtures that were installed in at least one location, at The Moxy Bowery, now known as the Moxy NYC Lower East Side ("Moxy Hotel"), a luxury hotel at 145 Bowery, New York, NY 10002.

8.     Upon information and belief, this included utilizing RBW's proprietary information in order to design and/or specify light fixtures that Defendant Stonehill knew were knockoff

imitations of RBW's proprietary design so that Defendant Stonehill could divert a business opportunity away from RBW for the benefit of itself and the other Defendants.

9.      Defendant Michaelis Boyd, Inc. ("Boyd") is a New York corporation with a principal place of business at 150 W. 25th St., New York, NY 10001.

10.     Upon information and belief, Boyd is an architectural and interior design firm that designed the interiors of the Moxy Hotel, including the guestrooms, in collaboration with Defendants Stonehill, Bowery Street Associates, LLC, The Lightstone Group, LLC, and HPG International, Inc. https://www.michaelisboyd.com/project/moxy-lower-east-side.

11.     Upon information and belief, Boyd utilized RBW's proprietary information in order to design and/or specify light fixtures that Defendant Boyd knew were knockoff imitations of RBW's proprietary design so that Defendant Boyd could divert a business opportunity away from RBW for the benefit of itself and the other Defendants.

12.     Defendant The Lightstone Group, LLC ("Lightstone") is a New York limited liability corporation with a principal place of business at 299 Park Ave, New York, NY 10171.

13.     Upon information and belief, Lightstone owns and operates the Moxy Hotel and continues to use the Accused Light Fixtures designed, sourced and installed by Defendant Stonehill, as well Defendants PTY Lighting, Inc. and HPG.   The Moxy Hotel is advertised as a Marriott Bonvoy brand hotel on the Marriott website https://www.marriott.com/en-us/hotels/nycom-moxy-nyc-lower-east-side/overview/?scid=f2ae0541-1279-4f24-b197-a979c79310b0.

14.     Defendant Bowery Street Associates, LLC ("Bowery Street") is a Delaware Limited Liability Company with a principal place of business in Manhattan, New York.

15.     Bowery Street was involved in the purchase of proprietary samples from Plaintiff which it utilized to divert a business opportunity away from RBW for the benefit of itself and the other Defendants.

3

16.    Upon information and belief Bowery Street is a part owner and/or operator of the Moxy Lower Eastside Hotel and continues to use the Accused Light Fixtures in the Moxy Hotel.

17.    Upon information and belief, Bowery Street acts and operates as an alter ego to Lightstone.

18.    Defendant PTY Lighting, Inc. ("PTY") is a lighting manufacturing firm with a principal place of business at 100 Hoffman Lane, Hillside, NJ 07205.

19.    Upon information and belief, at the other Defendants' direction, PTY knowingly misappropriated the resources, time, effort, expenditures and proprietary design and pricing information of the Plaintiff in order to design, manufacture and sell the Accused Light Fixtures that were installed in at least one location, at the Moxy Hotel, thereby diverting a business opportunity away from RBW for the benefit of itself and the other Defendants.

20.    PTY regularly does business in New York and avails itself of the protections of New York law. PTY advertises and promotes the various New York based projects using its lighting fixtures on its website. In the present case, PTY's tortious commercial activities described below caused injury to the Plaintiff within New York state.

21.    Upon information and belief, Defendant HPG International, Inc. ("HPG") is a California corporation with a principal place of business at 350 N. Wiget Lane, Walnut Creek CA 94598.

22.    HPG was the purchasing agent for the guest rooms at the Moxy Hotel and at all relevant times was acting as an agent for the Defendants.

23.    HPG, working on its own behalf and on behalf of its principals, obtained RBW's proprietary pricing and design information which it and its principals improperly utilized to divert business away from RBW and to other Defendants in this case.

24.    HPG regularly does business in New York and avails itself of the protections of New York law. HPG's website advertises and promotes the numerous projects in New York for

which it has served as a purchasing agent. In the present case, HPG's tortious commercial activities described below caused injury to the Plaintiff within New York state.

## JURISDICTION AND VENUE

25.     The Court has personal jurisdiction over Defendants because Defendants have continuous and systematic contacts with New York and/or are incorporated in New York and/or have their principal places of business in New York. In addition, all the Defendants have conducted business in this District and have committed torts within the State of New York and/or torts which caused damages to residents of New York within state.

26.     Defendants Lightstone and Bowery have a regular and established place of business in this District where they have publicly utilized and displayed the Accused Light Fixtures in violation of RBW's patent for their own commercial benefit without the permission or license of RBW.

27.     The Court has subject matter jurisdiction over this matter pursuant 28 U.S. Code § 1338(a) and (b), as well as 28 U.S. Code § 1367(a).

## BACKGROUND FACTS

28.     RBW is an award-winning, independent design and manufacturing company headquartered in Kingston, New York. RBW is a brand for architects and designers looking for high quality light fixtures. The history and philosophy of RBW is available on the web at the URL https://rbw.com/about-us.

29.     Among RBW's innovations is the Pastille™ sconce, a light fixture one model of which has a distinctive 3-bulb configuration on an oval back-plate that echoes the Art Deco sensibilities of Old Hollywood, as shown in the images below from RBW's website. [1]

---

[1] Downloaded from https://rbw.com/products/pastille-3-vanity/ddd-pf13-27-10_triac_120v-ip20

5



30.     RBW, at the time doing business as Rich, Brilliant, Willing, LLC, first began development on the design of the subject Pastille™ sconce in 2018.

31.     RBW protects its innovations with U.S. design patents and notes the proprietary nature of its information and designs in email communications and the Terms and Conditions in its invoices.

32.     On November 13, 2018, RBW filed an application for a patent applicable to the design of the Pastille™ light fixture at issue. (November 2018 Patent Application attached hereto as Ex. "A".)

33.     Prior to applying for the patent for the Pastille™ sconce, RBW invested substantial financial resources, time, skill, labor and expertise into the research and development of the design and the production Pastille™ sconce.

34.     The Pastille™ sconce is protected by RBW's U.S. Patent No. D1,020,048 ("the '048 Patent").  The '048 Patent was duly issued by the United States Patent and Trademark Office on March 26, 2024 and is assigned to RBW. A copy of the '048 Patent is attached as Exhibit "B".

35.     During October 2019, after the design patent application had been filed for the Pastille™ sconce, but before the patent had been issued, RBW, under its predecessor trade name

Rich Brilliant Willing ("Willing"), sold samples of the Pastille™ sconce to Defendant Bowery Street Associates, LLC for the Defendants' consideration for use in the Moxy Hotel.  *See* Exhibit "C". As per the November 2019 invoice the sconce sample was billed to "Bowery Street Associates, LLC C/O HPG".

36.    Upon information and belief, Boyd, Stonehill, Lightstone and Bowery Street were considering RBW's Pastille™ sconce for use in the interior design of the Moxy Hotel.

37.    In fact, the Pastille™ sconce was specifically referenced in a specification generated by Defendant Stonehill for the Moxy Hotel construction.  Exhibit "D" is a true and correct copy of a page from a Stonehill design specification (Drawing ID-B703) for the Moxy Hotel listing Item SW.14 as a "Decorative three bulb Wall Sconce."  With respect to Item SW.14, the Stonehill design specification stated:

> "Original Light Fitting used for design influence – RICH BRILLIANT WILLING
>
> PASTILLE VANITY"

This was followed by an internet link to Willing's old website showing the Pastille™ sconce.

38.    On October 12, 2020, non-party Luparello & Sons, LLC ("Luparello"), a New York electrical contractor, which upon information and belief, was acting as an agent for and at the direction of HPG, Boyd, Stonehill, Lightstone and/or Bowery Street, obtained a quote to Defendants in the amount of $434,784.00 for 647 Pastille™ sconces to be used in the Moxy Hotel. A true and correct copy of the quote is attached as Exhibit "E".

39.    Upon information and belief, after Defendants obtained samples of RBW's Pastille™ sconces and after they reviewed the price of installing the same reflected in the October 12, 2020 quote, rather than obtain the subject proprietary sconces from the Plaintiff, Defendants Boyd, Stonehill, Lightstone and Bowery Street, directly and/or through their agent Defendant HPG, knowingly, intentionally and in bad faith engaged Defendant PTY and/or other contractors to improperly utilize proprietary information obtained from RBW in order to design, manufacture

3

and sell the Accused Light Fixtures and offered them for sale and/or sold them to Defendants Lightstone and/or Bowery Street as cheaper substitutes to the authentic RBW Pastille™ sconces that had initially been presented to the Defendants.

40. Upon information and belief, the Accused Light Fixtures were installed and used at the direction of Boyd, Stonehill, HPG, Lightstone and/or Bowery Street, and now continue to be used in the Moxy Hotel's guest rooms, under the direction of, and for the commercial benefit of, Defendants Lightstone and/or Bowery Street.

41. Hospitality Design Magazine in its November 2, 2022 issue featured the Moxy Hotel https://hospitalitydesign.com/news/hotels-resorts/moxy-lower-east-side/. The president of Lightstone was quoted in the article: "The Lower East Side has always been ironically cool. We saw it as the next logical frontier for Moxy," says Lightstone president Mitchell Hochberg. "By providing a stunning variety of venues and concepts under a single roof, the hotel really embodies the diversity of the Lower East Side. People come to the neighborhood to indulge their thirst for discovery, and they'll get that at the Moxy, too—and we've made it accessible rather than exclusive."

42. Hospitality Design Magazine named Moxy as the winner of the 43rd Annual Gold Key Award for midscale hotels, naming Defendants Boyd, Stonehill, Lightstone as well as HPG https://hospitalitydesign.com/news/boutique-lifestyle/boutique-design-gold-key-awards-2023/ .

43. Similarly, PTY has posted on LinkedIn three videos (Parts 1, 2 & 3) highlighting their participation in providing the Accused Light Fixtures to the Moxy Hotel.

Part 1 is captioned: "Starting off the new year with a sneak peek at the newly built Moxy Bowery in East Village, NY. It was an honor to work with Michael Boyd THE LIGHTSTONE GROUP, and HPG International to craft the stunning entryway and connected bar." https://www.linkedin.com/posts/joe-saucy-espinosa_moxy-part-1-starting-off-the-new-year-with-activity-7018274403910078464-z43I/

Part 2 is captioned: "Continuing our journey through the Moxy Bowery, we wanted to show off the stylish combination room sign/wall sconces that line the hallways. Another fantastic concept from [Michaelis Boyd](#) [HPG International](#) and [THE LIGHTSTONE GROUP](#)."

https://www.linkedin.com/posts/joe-saucy-espinosa_moxy-part-2-continuing-our-journey-through-activity-7019739983158616065-OiJa/?originalSubdomain=ae

Part 3 is captioned "The next step in our journey through the gorgeous Moxy Bowery takes us into the guestrooms where you can see the modern, eclectic designs provided by [Michaelis Boyd](#) on full display. From the vanity lights to the bedside sconces, there is no shortage of personality to this hotel! Thank you again to [THE LIGHTSTONE GROUP](#) and [HPG International](#) for letting us collaborate with you on this!"

https://www.linkedin.com/posts/joe-saucy-espinosa_moxy-part-3-the-next-step-in-our-journey-activity-7020822525227991040-cwL0/?originalSubdomain=az

The "vanity lights" mentioned in the caption of Part 3 are the Accused Light Fixtures.

## CLAIM FOR DIRECT PATENT INFRINGEMENT BY DEFENDANTS LIGHTSTONE AND BOWERY

44. Paragraphs 1-43 are incorporated by reference as though alleged herein.

45. The Defendants Lightstone and Bowery infringe the '048 Patent because the Accused Light Fixtures, which are currently installed and in continuous use at the property owned/operated by these Defendants are substantially the same in overall appearance as the design claimed and shown in the drawings of the '048 Patent. Representative drawings from the '048 Patent are compared below to similar views of the Accused Light Fixtures:



**RBW's '048 Patent**



**Accused Light Fixtures**

6



**Accused Light Fixtures**

46.     Defendants Lightstone and/or Bowery Street purchased and installed the Accused Light Fixtures, which they knew to be knock offs of RBW's fixtures, in the Moxy Hotel's guest rooms where they are still using them.

47.     Defendants Lightstone and Bowery Street infringed, and continue to infringe, RBW's '048 Patent by using in the guest rooms of the Moxy Hotel the Accused Light Fixtures that are substantially the same in appearance as the design claimed in the '048 Patent, and thus a colorable imitation of the design claimed in the '048 Patent.

48.      Defendants Lightstone and/or Bowery Street advertise its continuing use of the Accused Light Fixtures on its Moxy Hotel website and on numerous third-party websites promoting the look of its guest rooms using the knockoff lights supplied to it by HPG and PTY:

https://www.marriott.com/en-us/hotels/nycom-moxy-nyc-lower-east-side/overview/?scid=f2ae0541-1279-4f24-b197-a979c79310b0

49.     On January 17, 2024, in an effort to avoid litigation, RBW sent HPG and PTY, as well as to Marriott International (the parent of the Moxy), cease and desist letters identifying the infringement it was aware of (at the Moxy Hotel) and demanding information regarding the

manufacturer and other companies involved in the infringing conduct. The January 17, 2024 letter contained drawings from RBW's patent application relating to the Pastille™ sconces that was to issue as the '048 Patent demonstrating the validity of Plaintiff's claims.

50.     Notwithstanding the January 17, 2024 letter and enclosed drawings, PTY and Lightstone (on behalf of Marriott), though their counsel, rejected any merit in RBW's claim and declined to provide the information requested by RBW regarding the parties involved in the infringing installations.

51.     Despite the January 24, 2024 letter, the Defendants Lightstone and/or Bowery Street continue to publicly use and display the Accused Light Fixtures at the Moxy Hotel for their own commercial benefit demonstrating the continuing and willful nature of their infringement.

52.     Upon information and belief, despite RBW's cease and desist letters, Defendants Lightstone and/or Bowery Street have continued to promote their work using the Moxy Hotel guest room images displaying the Accused Light Fixtures. Below is a true and correct excerpt of the Moxy Hotel's website:



https://www.marriott.com/en-us/hotels/nycom-moxy-nyc-lower-east-side/rooms/#roomPoolCode=cycl

53. The damage to RBW is ongoing and irreparable, and RBW is entitled to injunctive relief to end Defendants' infringement. Despite RBW's letter to Defendants identifying a known infringing installation, Defendants Lightstone and Bowery have failed to remove the Accused Light Fixtures at the Moxy Hotel, provide an accounting and information about other parties involved, or other information as to whether additional installations of Accused Light Fixtures have taken place at any other projects.

### CLAIM FOR UNFAIR COMPETITION UNDER NEW YORK STATE LAW

54. Paragraphs 1-53 are incorporated by reference as though alleged herein.

55. In addition to, and separate from, the above-described Patent Infringement claim, all of the Defendants engaged in unfair competition under New York State Law through the bad faith misappropriation of RBW's proprietary information, research, time, skill, labor, expertise, experience and monetary investment expended in the design and development of the Pastille™ sconces prior to the time the subject design patent was issued.

56. The principals and employees of RBW began research into and work on the design of the Pastille™ sconce at issue in 2018. The principals and employees of RBW who developed the Pastille™ sconce are all experienced designers with at least four (4) year design and/or mechanical engineering degrees, and often with extensive experience in lighting design.

57. The principals and employees of RBW applied their education, years of skill, knowledge and expertise of lighting design and the lighting industry in developing and finalizing the proprietary designs of the Pastille™ collection, including the subject Pastille™ sconces.

58. RBW invested substantial time and labor in the proprietary design of the Pastille™ sconces. RBW paid these professionals wages for their work in the design and development of the Pastille™ sconce.

59. In addition to the time, skill, expertise and labor RBW invested in the design of the Pastille™ light fixtures, RBW invested financial resources in the development of the design, including payment for research related to the development of the sconces and payment for 3D

prints and laser scanning used in the development of the product. RBW invested further resources in identifying and compensating the vendors involved in the creation of the product, as well as the creation of tooling and/or parts used in the manufacture of the subject fixtures.

60.     RBW's investment of time, labor, skills, expertise and financial resources in the research and development of the Pastille™ sconces were time, labor, expertise and resources that could not be invested in the development of other products during that same period of time resulting in an opportunity cost to RBW that can only be recovered through the successful sale and marketing of the Pastille™ fixtures.

61.     In order to protect its above-described investments into the proprietary design and development of the Pastille™ sconce, RBW applied for a design patent on November 13, 2018 (Ex. A).

62.     As reflected in Figures A-85 – A96 of Ex. A, part of the collection of light fixtures which were the subject of the design patent application was a vertical three light fixture on an oval backplate which is the design of the Pastille™ sconce at issue in this litigation.

63.     At all times addressed by this complaint, the sconces at issue were available exclusively through RBW, at no time were they available to the public in lighting stores or other retailers. In order to purchase and/or obtain RBW fixtures, a potential customer had to contact RBW directly and customers would receive an invoice stating the quantity, price per unit and the terms and conditions upon which the item was being sold.

64.     In the course of communications with prospective and existing customers, RBW would incorporate language into its communications, alerting the customer to the proprietary and confidential nature of the information being provided, including price quotes and design specifications and stating that such information should not be shared.

65.     Prior to the actions and transactions addressed by this Complaint, RBW had a pre-existing relationship with Lightstone dating back to 2016 and 2017 where it had designed and

provided lighting fixtures to Lightstone for use in another of Lightstone's Manhattan based Moxy Hotels.

66.     In late 2016 and early 2017, RBW worked closely with Lightstone to develop fixtures for use in its Seventh Avenue Moxy Hotel and prepared and provided shop drawing and specifications to Lightstone in the course of that relationship. Notably, the shop drawings provided to Lightstone by RBW dated November 3, 2016 expressly notified Lightstone that RBW's products and drawings were:

**PROPRIETARY AND CONFIDENTIAL**

THE INFORMATION CONTAINED IN THIS DRAWING IS THE SOLE PROPERTY OF RBW STUDIO LLC. ANY REPRODUCTION IN PART OR AS A WHOLE WITHOUT THE WRITTEN PERMISSION OF RBW STUDIO LLC IS PROHIBITED. (November 4, 2016 Shop Drawings attached hereto as Ex. "F").

67.     The acknowledgement that RBW's designs were proprietary in nature were expressly signed off on by Lightstone's project manager.

68.     Lightstone went on to utilize RBW's proprietary fixtures and drawings in its 2016-2017 Moxy Seventh Avenue project, and to the best of RBW's knowledge, did so without attempting to misappropriate any aspect of RBW's skills, resources efforts, designs or other proprietary information.

69.     Based on these prior dealings with Lightstone, RBW had what it believed was a relationship of trust and confidence with Lightstone and it knew that Lightstone understood that RBW's designs and pricing information were proprietary in nature based on that relationship and prior written and verbal communications to Lightstone reflecting the same.

70.     On October 11, 2019, Taryn James of HPG reached out to RBW via email in order to obtain a quote for a Pastille™ sconce at issue. In this email, Ms. James affirmatively represented that there existed an agency relationship between HPG and the Moxy (owned and controlled by Lightstone and Bowery) and she was acting as the purchasing agent for the Moxy.

71.     In a series of October 14, 2019 emails, responding to HPG quote requests, RBW indicated it would work to provide the quote and was looking forward to working with the Moxy on another project.

72.     Notably, the emails sent by RBW to HPG in its role as agent for Lightstone and Bowery and addressing the subject Pastille™ sconce, contained a footer addressing the confidential and proprietary nature of the information and quote being provided: "*This e-mail (including any attachments) is intended only for the exclusive use of the individual to whom it is addressed. The information contained hereinafter may be proprietary, confidential, privileged and exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or agent responsible for delivering the message to the intended recipient, the reader is hereby put on notice that any use, dissemination, distribution or copying of this communication is strictly prohibited.*" (October 11, 2019-October 14, 2019 email chain attached hereto as Ex. "G").

73.     This communication by RBW was consistent with the earlier understanding between RBW and Lightstone developed in 2016-2017 that the information Lightstone was provided with by RBW regarding its fixtures was proprietary in nature, as well as prior communications between them reflecting the same.

74.     Following up on the emails described above, HPG and/or Luparello, who were acting as agents on behalf of Lightstone and/or Bowery Street as well as, upon information and belief, Stonehill and Boyd, approached RBW with regard to using the Pastille™ sconce in the Moxy Hotel.

75.     At all times relevant hereto, HPG, acting in its capacity as an agent of the Defendants, knew the Pastille™ sconce had been designed by RBW, that RBW had expended information, time, labor, skills and other resources in the research, development and manufacture of the Pastille™ sconce, that the design was proprietary to RBW, and based on the emails and other communications it received from RBW that information regarding the price and design of the Pastille sconce were proprietary and confidential.

76. Defendants Lightstone and Bowery were fully aware of the proprietary nature of the information addressed above, both through their agent, HPG, as well as independently through their prior relationship with RBW.

77. In fact, the Terms and Conditions set forth in the invoice for sample Pastille™ sconces obtained by HPG as agent for the other Defendants, contained the following terms: "*RBW designs, images and illustrations are protected by intellectual property rights in the U.S. and internationally, including design patents and registrations, copyright and trademark. See rbw.com/patent. RBW actively protects and enforces its intellectual property rights; **do not specify or utilize unauthorized copies of RBW products.**"* (emphasis added) (See, Exhibit "C")

78. By paying the invoice and accepting the samples of the Pastille™ sconces, HPG accepted the above-described Terms and Conditions on behalf of itself and the other Defendants for which it was serving as an agent, and expressly agreed, on behalf of itself and its principals, not to specify or utilize any unauthorized copies of RBW's products.

79. The Defendants could only obtain the samples at issue through RBW by agreeing to the Terms and Conditions contained in the invoice.

80. Relying on its prior relationship with Lightstone, its prior communications with Lightstone and the Terms and Conditions of the invoice, RBW provided HPG and Lightstone/Bowery with samples of its proprietary Pastille™ sconces.

81. After HPG first obtained samples of the Pastille™ sconce from RBW on behalf of its principals, Defendants Boyd, Stonehill, Lighthouse and/or Bowery Street, the Defendants included specific reference to RBW's Pastille™ sconce in the specifications for the Moxy, demonstrating they also were aware that the design of the Pastille™ sconce was a proprietary RBW design and that RBW had invested time, skills, labor and financial resources in its development. (See, Ex. "D").

82. Upon information and belief, HPG, its principals and/or other of the Defendants shared proprietary information regarding the design and pricing of the Pastille™ sconces with the

other Defendants and/or third party vendors for the expressly prohibited purpose of specifying and utilizing unauthorized copies of the same in violation of the agreed to Terms and Conditions in the invoice for the samples, the prohibition in the email footers and the parameters of the prior relationship established between Lightstone and RBW.

83.     Furthermore, Stonehill's Construction Document (Ex. D) generated in July of 2020 specifies "bespoke" (i.e., custom knock/off light fixture) "product code tbc by specialist supplier" and "Original Light Fitting used for design influence - RICH BRILLIANT WILLING PASTILLE VANITY".  This demonstrates that Stonehill acted in bad faith and breached the Terms and Conditions of the sample invoice, to which HPG had agreed on behalf of its principals, by expressly specifying an unauthorized knock off version of RBW's Pastille™ sconce on its behalf and on behalf of its principals and/or the co-defendants.

84.     HPG in its role as agent of Lightstone and Bowery, and/or possibly the other Defendants, acted in bad faith and intentionally breached the terms and conditions of the invoice and the warning against sharing proprietary information contained in the emails (in the form of the sample or otherwise) by sharing such information with Stonehill, PTY and the other Defendants for the purpose of diverting a business opportunity away from RBW.

85.     Lightstone and Bowery, as principals of HPG, acted in bad faith by breaching the Terms and Conditions of the invoice and the warnings against sharing proprietary information contained in the emails (in the form of the sample or otherwise) by sharing such information with Stonehill, PTY and the other Defendants for the purpose of diverting a business opportunity away from RBW.

86.     Defendant Lightstone acted in bad faith by abusing its prior close working relationship with RBW, and trust stemming from the same, in obtaining and misappropriating proprietary information from RBW through HPG and then sharing it with the other Defendants for the purpose of diverting a business opportunity away from RBW.

87.     Upon information and belief HPG shared RBW's proprietary information with the other Defendants at the direction of and with the knowledge of Lightstone and Bowery, as well as Stonehill, Boyd and PTY, for the purposes of utilizing RBW's proprietary information and design developed utilizing RBW's time, skills labor and other resources for the purpose of diverting a business opportunity away from RBW and for the benefit of themselves and their co-Defendants.

88.     The Defendants Boyd, Stonehill, Lighthouse, Bowery Street, HPG and PTY, working in concert, misappropriated the proprietary information, time, skill, experience and financial resources invested by RBW in the research, design and development of the Pastille™ sconces, in violation of agreed upon Terms and Conditions of the November 15, 2019 invoice by diverting proprietary design and pricing information relating to the same and having it manufactured by PTY for use in the Moxy Hotel, instead of purchasing the sconces pursuant to the quote they received from RBW.

89.     Upon information and belief, Defendant Boyd utilized proprietary information, misappropriated from RBW to design and specify the Accused Fixtures in order to direct a business opportunity away from RBW to it and the other Defendants.

90.     Upon information and belief, the Defendants Boyd, Stonehill, Lighthouse, Bowery Street and/or HPG specified and/or directed PTY to produce a lighting fixture which it knew to be an unauthorized knock off of the RBW design in violation of the Terms and Conditions of the invoice by which they obtained samples to use as a template.

91.     Upon information and belief HPG, Lightstone and Bowery acted in bad faith by sharing proprietary RBW information with Stonehill, Boyd, PTY and possibly others that had been provided in accordance with emails specifically designating the information related to the Pastille™ sconce as proprietary and confidential and in violation of the terms of the invoice.

92.     Upon information and belief, Stonehill acted in bad faith by utilizing RBW's proprietary pricing and design information for the purpose of specifying an unauthorized version

of the RBW light fixture, and its principals Lightstone and Bowery acted in bad faith by utilizing the unauthorized knock off fixture Stonehill had specified.

93.     Upon information and belief PTY acted in bad faith by utilizing RBW's proprietary information to produce the fixtures which it knew to be a knock off of RBW's proprietary design and supplied them to the other Defendants in violation of the terms under which it had been provided.

94.     The above-described efforts were undertaken by these Defendants in bad faith with the full knowledge that RBW was the owner and developer of the design at issue, in violation of the proprietary designations in the emails and in violation of the Terms and Conditions of the invoices to which they agreed,  with the specific intention of misappropriating the information, time, expertise, skill, labor and financial resources invested by RBW in the research and development of this propriety fixture design for the Defendants' own use and without the permission of, or compensation to, RBW.

95.     Defendants' intentional and bad faith misappropriation of RBW's information, skills, experience, time, labor, resources and monetary investment that went into the research, design, development and manufacture of the subject light fixture occurred prior to the issuance of the Plaintiff's design patent on March 26, 2024.

96.     As a result of the above, RBW seeks damages against the Defendants in the amount of the lost profits on the quote submitted to the Defendants, as well as damages in compensation for the Defendants' misappropriation of the information, time, skills, labor and money invested by RBW in developing the design and final product in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

1.     A judgment that the Defendants Lightstone and Bowery have infringed and continue to infringe the '048 Patent;

2.      Damages adequate to compensate for Defendants Lightstone's and Bowery's infringement of the '048 Patent;

3.      Judgment awarding Plaintiff all damages, including lost profits, costs, and interest, and further including treble damages based on any infringement found to be willful, under 35 U.S.C. § 284, with prejudgment interest;

4.      An order and judgment permanently enjoining the Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the '048 Patent;

5.      An order requiring Defendant Lightstone and/or Bowery Street to remove the Accused Light Fixtures from the Moxy Hotel;

6.      A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees under 35 U.S.C. § 285;

7.      A judgment for damages for unfair competition and misappropriation to compensate Plaintiff for Defendants' misappropriation of its investment of time, money, labor, skills and other resources expended in the design and development of the light fixture at issue, and its lost profits as a result of the unfair and bad faith actions of the defendants before the issuance of the '048 Patent in an amount to be proven at trial;

8.      An Accounting of the Defendants damages in conjunction with the relief requested above;

9.      Punitive damages; and

10.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: September 3, 2024

By: _/s/ Christopher J. Sovak_____
Christopher Sovak, Esq. (CS3164)
BUSHELL, SOVAK, KANE & SASH LLP
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone: (212) 949-4700
csovak@bushellsovak.com

Perry Saidman, Esq. *(pro hac vice)*
SAIDMAN DESIGNLAW GROUP, LLC
8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Telephone:     (202) 236-0753
perry.saidman@designlawgroup.com

## JURY TRIAL DEMAND

RBW requests a jury trial on all issues triable to a jury.

Dated: September 3, 2024

By: /s/ *Christopher J. Sovak*
Christopher Sovak, Esq. (CS3164)
BUSHELL, SOVAK, KANE & SASH LLP
274 Madison Avenue, Suite 1500
New York, NY 10016
Telephone: (212) 949-4700
csovak@bushellsovak.com

Perry Saidman, Esq. *(pro hac vice)*
SAIDMAN DESIGNLAW GROUP, LLC
8601 Georgia Avenue, Suite 603
Silver Spring, MD 20910
Telephone:    (202) 236-0753
perry.saidman@designlawgroup.com